This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-36633**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ANTHONY EDGAR MILLIGAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hart, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Margaret J. Crabb, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William A. O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Defendant appeals from convictions for possession of burglary tools, contrary to NMSA 1978, Section 30-16-5 (1963), and aggravated fleeing an officer, contrary to NMSA 1978, Section 30-22-1.1 (2003), contending that: (1) the district court erred when it admitted evidence that the car Defendant was driving was stolen; (2) the district court erred in admitting the arresting officer's testimony that the collection of shaved keys found on Defendant, together with the fact that the car was stolen, suggested the

occurrence of a motor vehicle theft; (3) insufficient evidence supported Defendant's conviction for possession of burglary tools; and (4) insufficient evidence supported his aggravated fleeing conviction because the officer's testimony was not credible. We affirm.

## DISCUSSION

### I.       Admission of Evidence of Stolen Vehicle

**{2}**      Defendant contends that the trial court should not have permitted the officer to testify that the car Defendant was driving was reported stolen in the officer's database. Defendant filed a motion in limine before trial, requesting that such evidence be excluded, particularly given the stolen vehicle charges initially brought against him had been dismissed. Defendant argued that the officer's description of the database report he received upon entering the vehicle's information, alerting him that the vehicle was stolen, would amount to inadmissible hearsay.

**{3}**      At the motion hearing, the State argued that it would not be offering the testimony regarding the car being stolen for the truth of the matter asserted, so it would not be hearsay; rather, it would only introduce the evidence to explain why the officer drew his service weapon and otherwise treated the stop as high-risk. Defendant argued that, pursuant to Rule 11-403 NMRA, even if the challenged evidence was not hearsay, it was more prejudicial than probative and thus should be excluded from trial. The district court denied Defendant's motion in limine.

**{4}**      At the outset, we note that Defendant did not renew his objection to the introduction of evidence that the car was stolen when the officer testified to this fact at trial. Our precedent establishes that a motion in limine is not necessarily sufficient to preserve issues for appeal. *State v. Lopez*, 2008-NMCA-002, ¶ 9, 143 N.M. 274, 175 P.3d 942 (holding that a challenge to fruits of a search warrant was not preserved when, after the defendant's motion in limine was denied, no objection to admission of the challenged evidence was made at trial). In a civil case, we explained the rationale behind this aspect of our preservation jurisprudence by stating that "[a] motion in limine is merely a preliminary determination by a district court regarding the admissibility of evidence. . . . [M]otions in limine are interlocutory orders which are subject to reconsideration by the district court during the trial." *Kysar v. BP Am. Prod. Co.*, 2012-NMCA-036, ¶ 23, 273 P.3d 867. We added that "[i]t is often impossible to make definitive evidentiary rulings prior to trial because admissibility will depend on the state of the evidence at the time of the ruling[,]" emphasizing that evidentiary motions in limine "are necessarily based upon an alleged set of facts rather than the actual testimony [viewed by] the trial court [prior to] its ruling." *Id.* (internal quotation marks and citations omitted). Our Supreme Court has embraced this rationale in the criminal context, stating that "[b]y their very nature, motions in limine do not sufficiently preserve an issue because the rulings on them are subject to change, depending on the nature of the relevant evidence at trial." *State v. Carrillo*, 2017-NMSC-023, ¶ 23, 399 P.3d 367.

**{5}** Turning to the circumstance of this case, Defendant's motion in limine sought exclusion of testimony from law enforcement or the vehicle's owner regarding it having been stolen or reported stolen on grounds that such testimony would be both hearsay and unduly prejudicial. However, Defendant did not object at trial when the officer testified, and his motion in limine to prospectively exclude that testimony lacked the specificity available to a contemporaneous objection lodged during trial. *See id.* ("The motion in limine did not apprise either the opposing party or the district court to any specific alleged error in [the witness's] actual trial testimony."); *State v. Leyva*, 2011-NMSC-009, ¶ 36, 149 N.M. 435, 250 P.3d 861 ("We require parties to assert the legal principle upon which their claims are based and to develop the facts in the trial court primarily for two reasons: (1) to alert the trial court to a claim of error so that it has an opportunity to correct any mistake, and (2) to give the opposing party a fair opportunity to respond and show why the court should rule against the objector." (internal quotation marks and citation omitted)).

**{6}** Concluding that the issue is unpreserved, we nonetheless examine whether Defendant may yet be entitled to relief. "Even if the defendant did not raise proper objections at trial, he may be entitled to relief if the errors of which he complains on appeal constituted plain error, or fundamental error[.] In either case, we must be convinced that admission of the testimony constituted an injustice that creates grave doubts concerning the validity of the verdict." *State v. Lucero*, 1993-NMSC-064, ¶ 12, 116 N.M. 450, 863 P.2d 1071 (internal quotation marks and citations omitted). We apply plain error review to evidentiary matters. *Id.* ¶ 13. In order to establish plain error, a party must demonstrate that the "alleged error affected the substantial rights of the accused." *State v. Montoya*, 2015-NMSC-010, ¶ 46, 345 P.3d 1056 (internal quotation marks and citation omitted); *Lucero*, 1993-NMSC-064, ¶ 13 ("The predicate for review on the basis of plain error is less stringent than for fundamental error. Unlike the situation in the case of fundamental error, to find plain error we need not determine that there has been a miscarriage of justice or a conviction in which the defendant's guilt is so doubtful that it would shock the conscience of the court to allow it to stand.").

**{7}** Here, however, Defendant did not acknowledge the lack of preservation and did not argue the unpreserved issue under a plain error or fundamental error standard in his appellate briefs. We therefore decline to develop such an argument for Defendant. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them. This creates a strain on judicial resources and a substantial risk of error." (citation omitted)).

## II. Testimony that the Shaved Keys Indicated the Vehicle Was Stolen

**{8}** Defendant contends that the district court erred in overruling his objection to the officer's testimony that, in his experience, when shaved keys, a drill bit set, a punch set, and a lock pick set "are found together, as well as a stolen vehicle, it's indicative of a motor vehicle theft [having] occurred." Defendant contends that the district court allowed the State to wrongfully impute the actions of other people to Defendant by allowing the

officer to testify based on his past experience and that this violated the prohibition against using a person's other acts to show that the person acted in accordance with their character as precluded by Rule 11-404(B) NMRA. Defendant contends that this testimony "tarred [Defendant] with the actions of other people."

**{9}** In support of this argument, Defendant relies on cases stating general principles that a verdict should be supported by law and fact and that a person should not be affected by another's act. However, Defendant cites no authority interpreting Rule 11-404 to prohibit an officer from testifying about matters within his training and experience and which do not reflect the occurrence of prior actions by a criminal defendant. We therefore presume that no such authority exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority."). Therefore, Defendant has not persuaded us that the district court abused its discretion in admitting the officer's testimony.

### III. Sufficiency of the Evidence for Possession of Burglary Tools

**{10}** Defendant also contends that there was insufficient evidence to support his conviction for possession of burglary tools. Specifically, Defendant argues that "the State failed to show that the various tools found on his person and in the car were burglary tools[] or that he intended to use them as such."

**{11}** The jury was instructed that to convict Defendant of possession of burglary tools, they must find:

1. [D]efendant had in his possession lock picks, shaved car keys, a shaved [A]llen wrench, a drill bit, and other tools, which are designed for or commonly used in the commission of a burglary;

2. [D]efendant intended that these tools be used for the purpose of committing a burglary;

3. This happened in New Mexico on or about March 4, 2016.

"Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883.

**{12}** In this case, the officer testified that several different keys from different manufacturers were found in Defendant's possession, all of which had been shaved and/or grinded down. The officer also testified that once a key has been shaved down for a particular make and model, it is extremely easy to start that motor vehicle by wiggling the shaved key. The officer further testified a green backpack that was found in the vehicle Defendant was driving contained "a drill bit, a hole punch, a key punch, and a shaved Allen wrench." The officer testified that all of those items are associated with

lock picking in that they are used to circumvent locking mechanisms. The officer's testimony is sufficient for the jury to reasonably conclude that the items found in Defendant's possession are designed for or commonly used in burglaries.

**{13}** Furthermore, as indicated above, the officer testified that the vehicle Defendant was driving had been reported stolen. There was evidence that the vehicle Defendant was driving had been crudely spray painted and that the registration Defendant provided to the officer indicated the vehicle's color was the color visible underneath the spray paint. Furthermore, despite Defendant providing a registration for a New Mexico vehicle, the vehicle he was driving was bearing a Connecticut license plate. Finally, the officer testified that Defendant fled, which supports an inference of consciousness of guilt. This evidence in combination of the evidence supporting the second element of the offense is sufficient for the jury to reasonably conclude that Defendant intended to use such items in the commission of a burglary. Therefore, we conclude there was sufficient evidence to support this conviction.

### IV. Sufficiency of Evidence of Aggravated Fleeing

**{14}** Finally, Defendant contends, pursuant to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1, that the evidence was insufficient to support his conviction for aggravated fleeing, because the State's only evidence of actual endangerment, the officer's testimony, was not credible. Defendant argues that it would not be reasonable to believe the officer's testimony about Defendant cutting off other drivers and endangering police officers because his police report did not include information about Defendant endangering other vehicles, traffic, or pedestrians, nor did he describe the traffic in his belt recording. This issue is outside this Court's purview. *See State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact[-]finder as long as there is sufficient evidence to support the verdict."), *abrogated on other grounds by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683. A witness's credibility is a matter for the fact-finder. *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (stating that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). We therefore defer to the jury's assessment of the credibility of the officer's testimony. *See Mora*, 1997-NMSC-060, ¶ 27. As such, we conclude that Defendant has failed to demonstrate that there was insufficient evidence to support his conviction for aggravated fleeing.

### CONCLUSION

**{15}** For these reasons, we affirm.

**{16}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**